**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH WALTHOUR,** : | |
| : | |
| **Plaintiff,** : | **CIVIL NO. 3:CV-06-0086** |
| : | |
| v. : | **(Chief Judge Vanaskie)** |
| : | |
| **FRANKLIN J. TENNIS,** *et al.*, : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM and ORDER**

**I.    Introduction**

Plaintiff, Joseph Walthour, currently an inmate at the Rockview State Correctional Facility in Bellefonte, Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff claims that during his incarceration prison officials were deliberately indifferent to his medical needs, in violation of the Eighth Amendment proscription of cruel and unusual punishment.  Pending before the Court is Plaintiff's motion for appointment of counsel (Dkt. Entry 8).  For the reasons that follow, the motion will be denied.

**II.   Discussion**

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, Congress has conferred the Court with broad discretionary power to request counsel to undertake representation of an indigent litigant.  *See* 28 U.S.C. § 1915(e)(1); *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147,

153 (3d Cir. 1993)); *see also Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  In *Tabron*, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in deciding whether to seek volunteer counsel for indigent civil litigants.  As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law.  *Tabron,* 6 F.3d at 155.  If a claimant overcomes this threshold hurdle, other factors that a court should consider when assessing a claimant's request for counsel include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses.  *Id.* at 155-57.  The appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

      Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel.  There are presently pending two separate motions to dismiss.  Plaintiff's opposition brief is due on August 7, 2006.  Thus, an assessment of the potential merit of this case is premature.  Furthermore, Plaintiff has plainly demonstrated an ability to present

comprehensible arguments.  Plaintiff has set forth his complaint in understandable, typewritten paragraphs.  The legal issues, at this stage, are relatively uncomplicated, and investigation does not appear beyond the ability of Plaintiff.  No credibility determinations appear at the current posture of the case, and the Court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own.

Therefore, Plaintiff's motion for appointment of counsel will be denied.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the Court, on its own initiative, or upon a properly filed motion by the Plaintiff.

**AND NOW, THEREFORE, THIS 31st DAY OF JULY, 2006, IT IS HEREBY ORDERED THAT** Plaintiff's motion for appointment of counsel (Dkt. Entry 8) is **DENIED**.

      **s/ Thomas I. Vanaskie**
      Thomas I. Vanaskie, Chief Judge
      Middle District of Pennsylvania