**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH WALTHOUR,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-06-0086 |
| | : | |
| v. | : | (Judge Vanaskie) |
| | : | |
| **FRANKLIN J. TENNIS,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## M E M O R A N D U M

**I.    Background**

Plaintiff, Joseph Walthour, an inmate at the Rockview State Correctional Institution in Bellefonte ("SCI-Rockview"), Pennsylvania, commenced this pro se civil rights action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983. There are two categories of Defendants: (1) the "Corrections Defendants," consisting of Franklin J. Tennis, Raymond Coffman, Jeffrey Rackovan, Sharon M. Burks, Richard Ellers; and the "Medical Defendants," consisting of Kathleen Kennedy, Dr. John Symons, Jody Hicks, and Prisoners Health Services. Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs, contrary to the Eighth Amendment proscription against cruel and unusual punishment and in violation of his Fourteenth Amendment rights. By Order dated May 10, 2006 (Dkt. Entry 13), the Court ordered service of the complaint on the Defendants named therein.

Subsequently, Defendants filed motions to dismiss and supporting briefs.[1]  After multiple continuances, Plaintiff filed opposition briefs (Dkt. Entries 36 and 37), together with a "motion for withdrawal of certain claims," (Dkt. Entry 38),[2] and a first amended complaint (Dkt. Entry 39), thereby rendering moot the motions to dismiss.  Thereafter, the Medical Defendants filed a motion to dismiss (Dkt. Entry 41) the first amended complaint together with a supporting brief.  In response, Plaintiff simultaneously filed a motion for leave to file a second amended complaint (Dkt. Entry 43), a motion to supplement the complaint (Dkt. Entry 45) to add a retaliation claim to the deliberate indifference claim, and a "motion for joinder of person(s) needed for just adjudication" (Dkt. Entry 46), seeking to add a new defendant to his deliberate indifference claim.  The motions have been briefed and they are ripe for consideration.  For the reasons that follow, Plaintiff's motion for leave to file a second amended complaint and his motion for joinder of a party will be granted, Plaintiff's motion to supplement his complaint will be denied, and Defendants' motions to dismiss the first amended complaint will be dismissed as moot.

**II.    Discussion**

   **A.    Motion to Amend and Motion for Joinder**

Currently pending is Plaintiff's motion for leave to file a second amended complaint

---

[1] The Medical Defendants filed Dkt. Entry 21 and the Corrections Defendants filed Dkt. Entry 22.

[2] State law tort claims of negligence, gross negligence, medical malpractice, breach of contract, abuse of authority, official misconduct, conspiracy and trespass were voluntarily withdrawn.

2

(Doc. 43), and Plaintiff's motion for joinder (Dkt. Entry 46) of an additional medical defendant. With respect to amendment, Federal Rule of Civil Procedure 15 states, in relevant part: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Since Plaintiff is seeking leave to amend his complaint a second time, he is required to seek leave of court.

Deciding whether to grant leave is within the discretion of the court and should be exercised within the context of the liberal pleading rules.  Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006).  Leave to amend should be granted unless equitable considerations render amendment unjust.  Id.  The Court may deny leave to amend or supplement where the new claims would not withstand a motion to dismiss or where amendment would cause delay or prejudice to a party.  See Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).

Plaintiff seeks to amend his complaint to set forth additional facts to support Defendants' alleged liability.  There is nothing in the record to support a conclusion that amendment of the pleading will cause undue delay, and amendment of the pleading to strengthen Plaintiff's case, although potentially detrimental to Defendants, is not proper cause to deny the motion.

Consequently, Plaintiff's motion for leave to file a second amended complaint will be granted.[3]

Also pending is Plaintiff's motion for joinder of an additional defendant, which is closely related to his motion for amendment of the complaint.  Plaintiff argues that on November 1, 2006 he became aware of facts supporting the joinder of an additional doctor implicated in Plaintiff's allegedly deficient medical care.  (Dkt. Entry 47 at 2.)  Since the new defendant is arguably involved in Plaintiff's claim, the motion for joinder will be granted, and Plaintiff may add the defendant in his second amended complaint.

### B. Motion to Supplement Complaint

Plaintiff also filed a motion to supplement his complaint, in which he seeks joinder of several new defendants on a new claim of retaliation.  Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, in pertinent part, reads:

> (a) Permissive Joinder.  All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against

---

[3] Plaintiff will be afforded a period of twenty (20) days within which to file his second amended complaint.  The amended pleading shall be complete in all respects, and shall not incorporate by reference allegations from the first two complaints.  Each fact alleged in the amended complaint shall be set forth in a separately numbered paragraph, and the amended complaint should clearly state the basis on which Plaintiff seeks to hold a particular Defendant liable.

> all the relief demanded. Judgment may be given for one or more of
> the plaintiffs according to their respective rights to relief, and
> against one or more defendants according to their respective
> liabilities.

Fed. R. Civ. P. 20(a).

Plaintiff's retaliation claim names eight (8) defendants and contains numerous issues of allegedly retaliatory conduct unrelated to the initial deliberate indifference claim. The deliberate indifference claim and the retaliation claim do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and they lack a question of law or fact common to all defendants.

> As the United States Court of Appeals for the Eighth Circuit has noted:
>
>> Permissive joinder is not . . . applicable in all cases. The rule
>> imposes two specific requisites to the joinder of parties: (1) a right
>> to relief must be asserted by, or against, each plaintiff or defendant
>> relating to or arising out of the same transaction or occurrence, or
>> series of transactions or occurrences; and (2) some question of law
>> or fact common to all the parties must arise in the action.

Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

Plaintiff's claims share neither common legal issues nor common facts, and accordingly they are inappropriate for joinder under Rule 20. A careful reading of Plaintiff's allegations shows that the only common thread they share is that they allegedly occurred while he was incarcerated at SCI-Rockview. The Defendants and the alleged actions, however, are disparate and unrelated. The claims do not satisfy the elements of joinder, and Plaintiff's motion

to supplement his complaint for joinder of a retaliation claim will be denied.[4]

### C.  Motions to Dismiss

Finally, Defendants have filed motions to dismiss Plaintiff's initial complaint as well as his first amended complaint.  Under Rule 15(a), when an amended complaint is filed it supersedes the prior complaints. Therefore, since Plaintiff will be granted leave to file a second amended complaint, the pending motions to dismiss Plaintiff's initial complaint (Dkt. Entries 21 and 22) and Defendants' motion to dismiss Plaintiff's first amended complaint (Dkt. Entry 41) will be dismissed as moot.  An appropriate order will issue.

                                     **s/ Thomas I. Vanaskie**
                                     Thomas I. Vanaskie
                                     United States District Judge

---

[4]Plaintiff, of course, may pursue the retaliation claim in a separate cause of action.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH WALTHOUR,** | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-06-0086** |
| v. | : | (Judge Vanaskie) |
| **FRANKLIN J. TENNIS,** *et al.***,** | : | |
| **Defendants.** | : | |

## O R D E R

**AND NOW, THIS 12th DAY OF FEBRUARY, 2007,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for leave to file a second amended complaint (Dkt. Entry 43) is **GRANTED**, and Plaintiff shall file a second amended complaint within twenty (20) days from the date of this Order.  If Plaintiff fails to timely file a second amended complaint, the Court may consider dismissing this case for failure to prosecute and for failure to comply with a Court Order.  See Fed. R. Civ. P. 41(b).

2. Plaintiff's motion for joinder of an additional Defendant (Dkt. Entry 46) is **GRANTED**.

3. Defendants' motions to dismiss Plaintiff's complaint and Plaintiff's first amended complaint (Dkt. Entries 21, 22 and 41) are **DISMISSED,** without prejudice to re-file in response to Plaintiff's second amended complaint.

4. Plaintiff's motion to supplement complaint (Dkt. Entry 45) is **DENIED**.

> **s/ Thomas I. Vanaskie**
> Thomas I. Vanaskie
> United States District Judge